### NELSON v. VAN NORDEN TRUST CO.

(Supreme Court, Appellate Term. April 10, 1908.)

BANKS AND BANKING—DEPOSITS—PLEADING.
In an action by a depositor against a bank, a complaint alleging that defendant, "without the knowledge or consent of plaintiff, deducted from the said bank account of plaintiff sums of money aggregating in all the total sum of $24," and that plaintiff demanded the return of this sum "deducted as aforesaid, but such demand was refused by the defendant, and instead the defendant has converted to its own use the said sum of $24," states no cause of action; it neither stating the amount deposited nor the balance, if any, remaining due.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Annie Nelson against the Van Norden Trust Company to recover a sum of money. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Parsons, Closson & McIlvaine, for appellant.
Abraham L. Levy, for respondent.

PER CURIAM. The judgment rendered in favor of the plaintiff must be reversed, because there is neither pleading nor proof sufficient to sustain it. The plaintiff was a depositor of the defendant, and brought this action to recover the sum of $24. Neither the pleading nor the proof showed the amount deposited by the plaintiff with the defendant, or the amount which the defendant has paid the plaintiff, or the amount of the balance, if any remains due. The complaint alleges merely that the defendant, "without the knowledge or consent of the plaintiff, deducted from the said bank account of the plaintiff sums of money aggregating in all the total sum of $24," and that the plaintiff demanded the return of this sum "deducted as aforesaid, but such demand was refused by the defendant, and instead the defendant has converted to its own use the said sum of $24." The evidence consisted merely of a statement of conclusions. The record is barren of evidence of facts showing any liability by the defendant to the plaintiff. Upon the next trial, which must be had, the complaint should be amended so as to state facts sufficient to constitute a cause of action which may properly be alleged in an action by a creditor against a debtor, and upon the trial evidence of facts, not general conclusions, ought to be presented.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.